UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. No. CR 07-10ML |
| CARLOS VARGAS | : | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant Carlos Vargas have reached the following agreement:

1. Defendant's Obligations.

Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Information charging him with being an alien illegally or unlawfully in the United States and in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). Defendant agrees to plead guilty to the Information. Defendant further agrees that the time between the filing of this agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines (the

"Guidelines"), but not including probation or a "split-sentence", even if permitted. If however, Defendant seeks a downward departure under the Guidelines or advocates for a sentence below the Guideline range, the government will then be free to recommend any term of imprisonment within the applicable Guideline range determined by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. If the offense level is 16 or greater, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution that it deems appropriate.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult

the Guidelines in fashioning any sentence in this case, the Guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. There is no agreement as to which Offense Level and Criminal History Category apply in this case. Both the government and Defendant reserve their right to argue and present evidence on all matters affecting the Guideline calculation.

5. The maximum statutory penalties for the offense to which Defendant is pleading are as follows:

a. Ten (10) years imprisonment;

b. a fine of $250,000;

c. a term of supervised release of three (3) years; and

d. a mandatory special assessment of $100.

6. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its

obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

7. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of the witnesses against him; and

f. Defendant waives these trial rights if the Court accepts his plea of guilty.

g. Defendant is also advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands he could request DNA testing of such evidence in this case prior to any findings of guilt against Defendant. Defendant further understands that, following this

Court's entry of a judgment of conviction for the offense to which he is pleading guilty, he has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offense to which he is pleading guilty.

8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

9. Except for paragraph 2 above, the parties have made no agreement concerning the application of the Guidelines in this case.

10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the government's recommendations and is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's Guideline

determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

11. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives the right to file a direct appeal if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under this agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the Guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

16. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

Carlos Vargas 1:19:07
CARLOS VARGAS Date
Defendant

Robert B Mann 1-19-07
ROBERT B. MANN, ESQ. Date
Counsel for Defendant

[signature] 1/22/07
PETER F. NERONHA Date
Assistant U.S. Attorney

[signature] 1/22/07
LUIS M. MATOS Date
Assistant U.S. Attorney
Chief, Criminal Division

I certify that the above seven pages were sight-translated to Mr. Vargas from English into Spanish. Mr Vargas stated that he understood the translation and agreed to the content of what was translated.

José Kleinle 01-19-07